UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
In re:

Ralph B. Rimpel *aka* Ralph Rimpell and
Guilene Ganiche-Rimpel *aka* Guilene Ganiche,

                      Debtors.
---------------------------------------------------------------------x
Regine LaGrand,

                      Plaintiff,

          -against-

Ralph B. Rimpel *aka* Ralph Rimpell and,
Guilene Ganiche-Rimpel *aka* Guilene Ganiche,

                      Defendants.
---------------------------------------------------------------------x

Chapter 7

Case No. 8-15-70137-las

Adv. Pro. No. 8-15-8132-las

### ORDER DENYING PLAINTIFF'S REQUEST FOR WITNESS TO APPEAR AND OFFER TESTIMONY BY REMOTE TRANSMISSION

Plaintiff Regine LaGrand, by her counsel, Jan V. Farensback, Esq., filed a letter dated February 1, 2016 [dkt. no. 68] and a second letter dated February 6, 2017 [dkt. no. 73] requesting that Jehan D. Colimon, plaintiff's counsel in Haiti, appear and offer testimony by telephone at an evidentiary hearing on defendants' motion for sanctions pursuant to 11 U.S.C. section 362(k) ("Sanctions Motion") [dkt. no. 44]. In the Sanctions Motion, defendants allege that plaintiff violated the automatic stay imposed under 11 U.S.C. section 362(a) with respect to proceedings commenced post-petition against defendant Guilene Ganiche-Rimpel in Haiti (the "Haitian Proceedings").

On February 7, 2017, the Court entered an Order scheduling a status conference in this adversary proceeding on February 14, 2017 at 11:30 a.m. regarding plaintiff's request that Mr. Colimon appear and offer testimony by remote transmission. [dkt. no. 74]. At the status conference, plaintiff made an oral application for Mr. Colimon to appear and testify

1

remotely (either by telephone or Skype videoconference) as to the nature of the Haitian Proceedings. Plaintiff offered no reason why Mr. Colimon could not appear in person at the evidentiary hearing other than the expense of Mr. Colimon traveling from Haiti to New York and back.

The Court has broad discretion with respect to the mode and order of examining witnesses and presenting evidence. Fed. R. Evid. 611(a); *Virtual Architecture, Ltd. v. Rick*, No. 08-Civ. 5866 (SHS), 2012 WL 388507, at *2 (S.D.N.Y. Feb. 7, 2012). Pursuant to Rule 43(a) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), made applicable here by Bankruptcy Rule 9017, a witness' testimony must be taken in open court but "for good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Fed. R. Civ. P. 43(a).[1] The Advisory Committee's Note to Rule 43 explains that:

> [t]he importance of presenting live testimony in court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to face is accorded great value in our tradition. Transmission cannot be justified merely by showing that it is inconvenient for the witness to attend the trial. The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place. . . . Other possible justifications for remote transmission must be approached cautiously.

Fed. R. Civ. P. 43(a) advisory committee's note to 1996 Amendment. See also *In re Emanuel*, 406 B.R. 634, 636 (Bankr. S.D.N.Y. 2009).

---

[1] While Fed. R. Civ. P. 43(a) references a trial, the evidentiary hearing on the Sanctions Motion is a contested matter under Bankruptcy Rule 9014 which provides that "testimony of witnesses with respect to factual issues shall be taken in the same manner as testimony in an adversary proceeding." Fed. R. Bankr. P. 9014(d). Bankruptcy Rule 9017 specifies that Fed. R. Civ. P. 43 shall apply in cases under the Bankruptcy Code. Fed. R. Bankr. P. 9017.

Where courts have permitted testimony by telephone or videoconference, it is not the burden and expense of travel alone that warranted the relief but the fact that the witness located outside of the United States faced other issues as well, such as difficulty in obtaining the necessary visa or live testimony that would result in severe economic consequences. *Virtual Architecture, Ltd.*, 2012 WL 388507 (permitting testimony by video conference from Seychelles where the witness has difficulty obtaining a visa and the flight to New York would take more than 20 hours); *In re Rand Int'l Leisure Prods. LLC*, No. 10-71497-ast, 2010 WL 2507634 (Bankr. E.D.N.Y. June 16, 2010) (permitting testimony by video conference where live testimony would require international travel of 12 hours); *Matovski v. Motovski*, No. 06 Civ. 4259 (PKC), 2007 WL 1575253 (S.D.N.Y. May 31, 2007) (allowing a petitioner to testify via video link from Australia where the petitioner could not obtain a visa and has a vested interest in the outcome of the action involving his children but denying the request to have the testimony of 8 character witnesses in Australia be transmitted remotely simply because of the burden and expense of travel); *Dagen c. CFC Group Holdings Ltd.*, No. 00 Civ. 5682 (CBM), 2003 WL 22533425, at *1 (S.D.N.Y. Nov. 7, 2003) (permitting employees of defendants who reside in Hong Kong to testify telephonically where bringing them to New York for trial would more or less grind the defendants' business to a halt and the witnesses would face considerable obstacles in obtaining visas).

At the status conference, the Court noted the difficulty in taking evidence by telephone. The Court can't see the witness, and counsel can't show a witness an exhibit via phone. *See In re Mikolajczk*, No. DM15-90021, 2015 WL 3505135, at *2 (Bankr. W.D. Mich. June 3, 2015) (denying request for witness to appear by telephone due to concerns about preventing coaching or other irregularities during the testimony and the inability of the court to assess the credibility based upon non-verbal cues).

While testimony by remote transmission may be appropriate in certain situations and safeguards may be put into place, plaintiff has not demonstrated good cause nor has plaintiff presented any compelling circumstance in this case that require Mr. Colimon to testify remotely. There is no evidence of illness, accident or unexpected emergency that would prevent Mr. Colimon from testifying in person. Nor is there evidence of any obstacle in his obtaining a visa to the United States. While Mr. Colimon would need to travel internationally, plaintiff has not demonstrated that the flight from Haiti to New York is any longer than a cross country domestic flight. Additionally, plaintiff has not offered any reason or proof that the expense for Mr. Colimon to appear in person to testify would present a financial burden. The mere inconvenience to Mr. Colimon from having to travel to New York and the expense of such travel are not sufficient reasons to grant plaintiff's request. *Gulino v. The Bd. of Educ. of the City Sch. Dist. of the City of N.Y.*, No. 96 Civ. 8414 (CBM), 2002 WL 32068971 (S.D.N.Y. Mar. 31, 2003) (denying letter request to have a witness testify telephonically merely because it was inconvenient for the witness to travel from California to New York).

Accordingly, plaintiff's request for Mr. Colimon to testify remotely at the evidentiary hearing on the Sanctions Motion is denied.

SO ORDERED.

Dated: March 21, 2017
Central Islip, New York

Louis A. Scarcella
United States Bankruptcy Judge

4